UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Petitioner,                      Case No. 07-50830

                                            Paul V. Gadola
vs.                                          U.S. District Judge

ROGER SAAD,                         Michael Hluchaniuk
                                            U.S. Magistrate Judge

       Respondent.
_____/

## **ORDER ENFORCING IRS SUMMONS**

Procedural History

The Petition To Enforce Internal Revenue Service Summons was filed on October 2, 2007. (Dkt. # 1). Court records reflect that the Petition and an Order To Show Cause were served on respondent Roger Saad on October 22, 2007. (Dkt. # 3). The Order To Show Cause directed respondent to appear in court on November 15, 2007 and show cause why the administrative summons issued by the Internal Revenue Service, and served on respondent on May 10, 2007, should not be enforced. (Dkt. # 2). Respondent failed to appear at the hearing scheduled before District Judge Paul V. Gadola on November 15, 2007, and an arrest warrant

1

was issued on that date based on respondent's failure to appear in court as previously ordered. (Dkt. # 5). On January 31, 2008, this matter was referred by Judge Gadola to the undersigned pursuant to 28 U.S.C. § 636(B)(1)(a). (Dkt. # 6). Respondent was arrested, pursuant to the previously issued warrant, on February 28, 2008, and brought to court to respond to the Petition. (Dkt. Minute Entry).

<u>Hearing Regarding Petition To Enforce Summons</u>

A hearing was conducted, with respondent present, on February 28, 2008, regarding the Petition To Enforce Internal Revenue Service Summons. In order to seek the judicial enforcement of an administrative summons issued under the Internal Revenue Code, 26 U.S.C. § 7602, the United States must initially establish a prima facie case for enforcement. A prima facie case is established where it is demonstrated that (1) the Internal Revenue Service (IRS) is conducting a legitimate investigation, (2) the information summoned is relevant to that investigation, (3) the documents sought are not already in the possession of the IRS and (4) the procedural steps required by the internal revenue code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). An affidavit by the IRS agent who issued the summons and who seeks enforcement of the summons

attesting to the identified issues is sufficient to establish a prima facie case. *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982).

Once a prima facie case has been established by the United States, the burden shifts to the party being summoned (here, respondent Roger Saad) to either disprove the elements of the prima facie case or demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process. *United States v. Monumental Life Insurance Company*, 440 F.3d 729, 733 (6th Cir. 2006).

The Petition and the attached Declaration of IRS Revenue Officer Paul Reed established that all four of the *Powell* requirements had been satisfied and, therefore, petitioner has demonstrated a prima facie case for enforcement of the summons. (Dkt. # 1). Respondent was given the opportunity to challenge the request for enforcement of the summons and his response consisted of a general reference to unspecified sections of the Uniform Commercial Code that were clearly not applicable to the matter before the court. (Dkt. # 4). As a result, it is determined that petitioner has established that enforcement of the IRS summons previously issued is proper and authorized by law.

## Conclusion

**IT IS THEREFORE ORDERED** that respondent Roger Saad comply with the IRS summons served on him on May 10, 2007 (a copy of which is attached to the petition in this action) by appearing before Revenue Officer Paul Reed, or his designee, at the offices of the Internal Revenue Service located at 815 S. Saginaw Street, Flint, Michigan, on or before Friday, March 14, 2008, at 1:00 p.m., to give testimony, and to bring with him and to produce for examination all documents and records identified in the summons that are within his possession or under his control; **AND IT IS FURTHER ORDERED** that, should respondent fail to appear as scheduled, petitioner shall advise the court of said default and request appropriate sanctions, which may include a fine, the imposition of costs, and a term of imprisonment for contempt of court.

Date: February 29, 2008

s/Michael Hluchaniuk
United States Magistrate Judge

# **CERTIFICATE OF SERVICE**

      I hereby certify that on February 29, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following:Robert W. Haviland, AUSA, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Roger Saad, 5717 General Squier Road, Dryden, MI 48428.

      s/James P. Peltier
      Courtroom Deputy Clerk
      U.S. District Court
      600 Church Street
      Flint, MI 48502
      (810) 341-7850
      pete_peltier@mied.uscourts.gov